**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iram Sheikh, | No. CV-22-00947-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, et al., | |
| Defendants. | |

Plaintiff Iram Sheikh brings this premises liability case against Defendant Costco Wholesale Corporation based on a slip and fall that occurred in January 2021. Costco has moved for summary judgment. (Doc. 47.) As Exhibits 3, 4, and 5 in support of that motion, Costco lodged with the Court, respectively, a disc containing surveillance footage of Plaintiff's fall, excerpts from Costco's written policies and procedures, and documentation concerning Costco's safety inspections performed on the date of the incident. Costco moves for leave to file these three exhibits under seal. (Doc. 48.)

The public has a right to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999). The Court therefore begins "with a strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), and a party seeking to overcome this presumption and file a record under seal generally must provide a compelling reason for doing so, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

1096 (9th Cir. 2016). The Ninth Circuit has carved out an exception to this general rule "for sealed materials attached to a discovery motion unrelated to the merits of the case." *Id.* at 1097. A party seeking to seal such materials "need only satisfy the less exacting 'good cause' standard." *Id.* Although earlier decisions from the Ninth Circuit sometimes used the words "dispositive" and "non-dispositive" to describe the dividing line between those records governed by the compelling reasons standard and those governed by the good cause standard, the Ninth Circuit has since clarified that "[t]he focus ... is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. The exception to the ordinary compelling reasons standard applies only to records that are unrelated or merely tangentially related to the merits of a case. Sealing documents appended to a motion that is more than tangentially related to the merits of a case requires a compelling justification. Costco's motion is governed by the more demanding compelling reasons test because the exhibits it seeks to seal are attached to a dispositive motion and more than tangentially related to the merits. Costco does not offer compelling reasons for sealing these exhibits.

First, Costco notes that it designated these exhibits as "Confidential" pursuant to the protective order entered in this case. (Doc. 13.) "[B]ut the fact that a document is treated as confidential pursuant to a protective order is not, without more, a compelling reason for sealing that document once it is used to support a dispositive motion." *Blum v. Banner Health*, No. CV-20-00409-PHX-DLR, 2021 WL 5446460, at *1 (D. Ariz. Nov. 22, 2021).

Second, Costco argues that the surveillance footage "is deserving of protection from use or publication outside the scope of this lawsuit" because "Costco's primary use for its surveillance system is asset protection and theft deterrence[.]" (Doc. 48 at 1.) But it is common knowledge that commercial retail businesses routinely use surveillance cameras to protect their wares and deter theft. The unremarkable fact that Costco stores use surveillance cameras is not a compelling reason to seal the footage.

Third, with respect to the policies and procedures and safety inspection documentation, Costco merely notes that the information in these documents relates to its

internal commercial business operations. Costco fails to explain how it would be injured if this information were publicly available. Accordingly,

**IT IS ORDERED** that Costco's motion to seal (Doc. 48) is **DENIED**. If Costco wants the Court to consider Exhibits 3, 4, and 5, it must resubmit them for filing in the public record within **5 days** of entry of this order, in accordance with LRCiv 5.6(e).

Dated this 6th day of February, 2024.

Douglas L. Rayes
United States District Judge