**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Iram Sheikh,

               Plaintiff,

v.

Costco Wholesale Corporation, et al.,

               Defendants.

No. CV-22-00947-PHX-DLR

**ORDER**

This is a negligence action arising from Plaintiff Iram Sheikh's slip and fall in one of Defendant Costco Wholesale Corporation's ("Costco") warehouses in Mesa. (Doc. 1-1 at 4–8.) Pending before the Court is Costco's motion for summary judgment (Doc. 47), which is fully briefed (Docs. 54, 56). For the following reasons, the Court grants Costco's motion.

## I.       Background

On January 15, 2021, Sheikh shopped at the Costco Warehouse in Mesa. (Doc. 54-1 at 2.) As Sheikh approached the exit, she slipped and fell forward against her cart, hitting her shoulder and twisting her knee. (Doc. 54-2 at 3.) After the slip, Sheikh saw a clear liquid on the floor. (Doc. 47 at 19.) At the exit, Sheikh reported the liquid to a Costco employee, who summoned a manager and cleaned it up. (Doc. 54-3 at 2.) After the slip, Sheikh experienced intense pain in her right knee and shoulder. (Doc. 54-1 at 2.)

Surveillance footage revealed many people passing by the area in question during the five minutes prior to the incident (Non-Electronic Exh. No. 3 at 11:50:01–11:55:19),

two of whom are alleged by Sheikh to be Costco employees. (Doc. 54 at 3.) One of these individuals passed by approximately 10 seconds before Sheikh (Doc. 54-5 at 3; Non-Electronic Exh. No. 3 at 11:55:02). Costco, however, contends there is no evidence in the record supporting Sheikh's allegation that this person was a Costco employee. (Doc. 56 at 2.) Several employees were also present and working at the membership counter, which faced outward into the walkway where Sheikh slipped. (Doc. 56-4 at 4.)

Costco maintains a procedure of hourly floor-walks to look for and remedy "unsafe conditions and potential hazards" (Doc. 60 at 2), and all employees are responsible for identifying and remedying spills and trip hazards whenever encountered (Doc. 54-7 at 3). Sheikh accuses Costco of negligence, contending that in the exercise of reasonable care, Costco's employees should have discovered and remedied the danger created by the liquid on the floor. (Doc. 54 at 6.)

## II.    Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead "come forward with

specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted).

### III.   Discussion

To establish negligence in a premises liability case under Arizona law, "the plaintiff must prove either, 1) that the foreign substance or dangerous condition is the result of defendant's acts or the acts of his servants, or 2) that defendant had actual knowledge or notice of the existence of the foreign substance or dangerous condition, or 3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it (*i.e.*, constructive notice)." *Walker v. Montgomery Ward & Co., Inc.,* 511 P.2d 699, 702 (Ariz. Ct. App. 1973). Shiekh does not argue, and nothing in the record suggests, that the liquid on the floor was a result of any Costco employee's actions, or that Costco had actual knowledge or notice of the liquid prior to her fall. Indeed, when deposed, Shiekh testified that she did not know whether any Costco employee was aware of the liquid. (Doc. 47 at 21.) Shiekh's claim instead is predicated on a constructive notice theory.

Costco correctly notes that, absent evidence permitting a jury to reasonably infer when the liquid appeared on the floor, Shiekh cannot establish constructive notice. (*Id.* at 5.) "One of the most important questions that must be answered in establishing constructive notice of a dangerous condition is the *length of time* that a given foreign substance has been present." *Walker,* 511 P.2d at 702–03 (affirming summary judgment in favor of the defendant where "there was absolutely no evidence as to how long the foreign substance was upon defendant's floor" and the plaintiff "expressly admitted that she was unable to establish how long the substance was on the floor"); *see also McGuire v. Valley Nat. Bank of Phoenix,* 381 P.2d 588, 590–91 (Ariz. 1963) (affirming directed verdict in favor of defendant based on a lack of evidence to show how long a foreign substance had been on the floor); *Preuss v. Sambo's of Arizona, Inc.*, 635 P.2d 1210, 1211–12 (Ariz. 1981) (finding no constructive notice where plaintiffs failed to present evidence of the length of

time the object had been present). *But see Safeway Stores, Inc. v. Cone*, 406 P.2d 869, 871–72 (Ariz. Ct. App. 1965) (finding that the length of time it had been raining, the location of the puddle, and the amount of water was sufficient circumstantial evidence to show the hazard had been developing "for eight or nine hours in plain view of the defendant's employees"). Costco argues that the record is devoid of evidence of the length of time the liquid had been on the floor (Doc. 47 at 4), thereby shifting the burden to Shiekh to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 586–87. Shiekh has not carried her burden.

Sheikh argues that, because all Costco employees are responsible to watch for and remove hazards (Doc. 54-6 at 3), the employees working at the membership counter or the employees who passed by the area within the five minutes before Sheikh slipped should have discovered and cleaned up the liquid (Doc. 54 at 6).

Sheikh relies most heavily on the allegation that one employee walked by the area about ten seconds before she slipped. (*Id.* at 5–6.) Costco, however, denies that this individual was an employee and correctly observes that nothing in his dress or behavior and no other evidence in the record supports Sheikh's allegation that this individual was an employee rather than another customer. (Doc. 56 at 2.) Sheikh's argument that a Costco employee walked by the area of the spill roughly 10 seconds before she slipped and therefore should have discovered and remedied the condition is purely speculative. Sheikh fails to establish the existence of a genuine factual dispute on this issue.

Sheikh also relies on evidence that an employee walked by the area five minutes before she fell (Doc. 54-4 at 4) and that others were working at the membership counter (Doc. 54-6 at 4). She argues that these employees could and should have discovered and cleaned up the liquid. (Doc. 54 at 6.) This argument, however, overlooks the key principle that "only if [the liquid] had been there for a sufficient length of time for the defendant, in the exercise of reasonable care, to find and remove it, [can] the defendant be found negligent." *McGuire*, 381 P.2d at 590. Proprietors and their agents cannot be responsible to clean up spills before they happen, and evidence of employees in the area is not evidence

- 4 -

of how long the substance has been present. There is no evidence in this record indicating when or how the liquid came to be on the floor, meaning a conclusion that the liquid was present for a sufficient length of time to support constructive notice would require the jury to impermissibly speculate.

Sheikh relies heavily on *Brooks v. Wal-Mart Stores, Inc.*, 423 P.3d 443 (Idaho 2018). Decisions from Idaho's state courts, however, do not control because this action is governed by Arizona law. Regardless, Shiekh's reliance on *Brooks* is misplaced because that case is readily distinguishable. There*,* video footage revealing how and when the liquid got on the floor together with evidence showing that employees walked near the area just prior to the plaintiff created a genuine issue of material fact regarding constructive notice. *Brooks*, 423 P.3d at 449–50. Here, by contrast, the record contains no evidence of when or how the liquid appeared on the floor, making it impossible for a jury to determine whether it was present long enough for any employee to discover and remove it. "Submission of these facts to the jury would require the jury to guess whether the [liquid] had been on the [floor] for a sufficient length of time. This cannot be permitted." *McGuire*, 635 P.2d at 1212.

## IV.    Conclusion

On this record, a reasonable jury would have no basis for finding Costco liable without speculating as to the length of time the liquid was on the floor. Because there is no genuine dispute of material fact on this critical issue,

**IT IS ORDERED** that Costco's motion for summary judgment (Doc. 47) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 18th day of March, 2024.

Douglas L. Rayes
United States District Judge